Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER HILL and CAROL HILL, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHLAND GROUP, INC. <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;** <br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

PETER HILL and CAROL HILL (collectively hereinafter "Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against NORTHLAND GROUP, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Further, this Honorable Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Defendant conducts business in the State of California; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Plaintiffs are natural persons residing in Mokelumne Hill, California 95245.

7. Plaintiff, Peter Hill (hereinafter "Mr. Hill") is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff, Carol Hill (hereinafter "Ms. Hill") is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Defendant, Northland Group, Inc., is a corporation specializing in

debt collection with its principal place of business located at 7831 Glenray Road, Suite 250, Edina, Minnesota 55439.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times, Defendant contacted Plaintiffs in its attempts to collect an alleged consumer debt regarding an FIA Card Services, N.A. account.

13. The alleged debt, a FIA Card Services, N.A. (Bank of America) credit card account, arose out of transactions which were primarily for personal, family, or household purposes.

14. As Plaintiffs own no business, any debt allegedly owed by Plaintiffs could have only arisen out of transactions primarily for personal, family, or household purposes.

15. Between September 2012 and January 2013, Defendant's collectors engaged in activities in an attempt to collect a consumer debt from Plaintiffs.

16. Defendant contacted Plaintiffs on a near daily basis, sometimes calling as frequently as ten (10) times a week.

17. Further, Defendant contacted Plaintiffs at times when it was inconvenient for them to receive collection calls, specifically calling before 8:00 a.m. and after 9:00 p.m.

18. For example, Defendant called Plaintiffs on December 6, 2012, at 11:39 p.m.; December 12, 2012, at 9:41 p.m.; December 18, 2012, at 10:33 p.m.; January 19, 2013, at 9:22 p.m.; and January 26, 2013, at 1:06 a.m.

19. Defendant's calls to Plaintiffs were harassing, abusive and annoying, as it disrupted their sleep.

20. Further, when Plaintiffs would answer Defendant's calls, the line would be silent, causing Plaintiffs to hang up the telephone.

21. The silence on the other end of the line frustrated Plaintiffs, because they were trying to resolve the debt and could not speak to a live person.

22. Upon information and belief, Defendant took the herein described actions with the intent to annoy, abuse and harass Plaintiffs.

**COUNT I**
**DEFENDANT VIOLATED § 1692c(a)(1) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

25. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating

with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

26. Defendant violated §1692c(a)(1) when it contacted Plaintiffs before 8:00 a.m. and after 9:00 p.m., times which are per se inconvenient to receive collection calls.

## COUNT II
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

24. Defendant violated § 1692d of the FDCPA when it repeatedly and continuously called Plaintiffs home and cellular telephones, when it called Plaintiffs before 8:00 a.m. and after 9:00 p.m., and when it engaged in other harassing or oppressive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at

the called number.

26. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiffs' telephone to ring repeatedly and continuously, calling nearly every day and at times more than once a day, with the intent to harass or annoy Plaintiffs.

## COUNT IV
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

28. Defendant violated §1692f of the FDCPA when it called Plaintiffs and when they answered, there was only dead air, making it impossible for them to speak with any collector, and when it engaged in other unfair or unconscionable conduct.

## COUNT V
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with sections 1692b through 1692j of the FDCPA.

30. Defendant violated Cal. Civ. Code § 1788.17 when it violated the FDCPA, for the reasons set forth in this Complaint.

WHEREFORE, Plaintiffs, PETER HILL and CAROL HILL, respectfully pray for a judgment as follows:

    a. All actual damages;

    b. Statutory damages;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, PETER HILL and CAROL HILL, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 09/09/13        KIMMEL & SILVERMAN, P.C.

By: /s/Amy L. Bennecoff
    Amy L. Bennecoff (275805)
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (215) 540-8817
    Email: abennecoff@creditlaw.com
    Attorney for Plaintiffs