Amy L. Bennecoff (SBN 275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiffs, Peter and Carol Hill

Issa K. Moe (SBN 254998)
Moss and Barnett P.A.
90 South Seventh Street
Minneapolis, MN 55402
Telephone: 612-877-5399
Facsimile: 612-877-5016

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HILL and CAROL HILL,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHLAND GROUP, INC.<br><br>Defendant. | Case No.: 1:13-cv-01440-AWI-SAB<br><br>JOINT SCHEDULING REPORT<br><br>DATE: December 10, 2013<br>TIME: 12:30 PM<br>CTRM: #9 (6th Floor)<br>JUDGE: Magistrate Judge Stanley A. Boone<br><br>TELEPHONIC CONFERENCE |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties to the above-entitled action jointly submit this Joint Scheduling Report and request the Court to adopt it as its Case Management Order.  This report is being filed after Amy L. Bennecoff, attorney for Plaintiff, and Issa K. Moe, attorney for the Defendant, conferred in an attempt to reach an agreement as to all material issues.

- 1 -

Plaintiff's counsel also respectfully requests to appear via telephone for the conference as Plaintiff's counsel is located in Ambler, Pennsylvania and is currently seven months pregnant and suffering from complications related to her pregnancy which preclude her from traveling. Defendant's attorneys request to appear telephonically as well.

1. <u>SUMMARY OF FACTUAL AND LEGAL CONTENTIONS</u>

   a. <u>Plaintiffs, Peter and Carol Hill</u>

Defendant placed repeated harassing telephone calls to Plaintiffs between September 2012 and January 2013 attempting to collect an alleged consumer debt, including calls before 8:00am and after 9:00pm. On occasion, Plaintiffs would answer the phone and Defendant would be silent, frustrating Plaintiffs. Defendant's actions violate sections 1692c(a)(1), 1692d, 1692d(5), and 1692f of the Fair Debt Collection Practices Act ("FDCPA"), as well as the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Plaintiffs seek statutory damages of $1,000 for violation of the FDCPA. Statutory damages of $1,000 for violation of the RFDCPA, actual damages for emotional distress the extent of which are unknown at this time pursuant to both the FDCPA and RFDCPA, and attorney's fees and costs pursuant to both the FDCPA and RFDCPA.

   b. <u>Defendant, Northland Group, Inc.</u>

Defendant denies Plaintiffs' material allegations and denies that it violated any law in this matter. Defendant states that the volume and frequency of its

attempts to contact Plaintiff Peter Hill by telephone were reasonable and fully complied with the FDCPA and RFDCPA. This is particularly so given that the Plaintiff Peter Hill did not speak with Defendant during any of its call attempts or otherwise notify Defendant that he wanted calls to discontinue. Defendant states that it placed all calls during the hours permitted by the FDCPA and RFDCPA. Defendant asserts the affirmative defenses in its answer, including the bona fide error defense under the FDCPA and RFDCPA.

2. <u>AMENDMENTS TO PLEADINGS</u>

At present, the parties do not anticipate any amendments to pleadings. The parties request that the amendments to pleadings be permitted prior to January 18, 2014.

3. <u>UNCONTESTED AND CONTESTED FACTS</u>

All facts are contested at this time.

4. <u>LEGAL ISSUES</u>

The parties agree that jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States. The parties also agree that this Honorable Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. The parties are not in agreement regarding

personal jurisdiction or venue, or whether Defendant violated the FDCPA or RFDPCA.

5. STATUS OF MATTERS PENDING BEFORE THE COURT

No matters are currently pending before the Court.

6. DISCOVERY PLAN

    a. Initial Disclosures: December 17, 2013

    b. Cut-off Date for Non-Expert Discovery: October 27, 2014

    c. Date for Disclosure of Expert Witnesses: November 28, 2014

    d. Cut-off Date for Expert Witness Discovery: December 29, 2014

    e. Proposed Changes to or limitations on Discovery: None

    f. Need for Protective Order: Plaintiffs do not anticipate the need for a Protective Order, but reserve the right to request one should the need arise. Defendant anticipates the need for a protective order to prevent the dissemination of information or documents that may be confidential, proprietary, trade secret or otherwise not subject to disclosure absent the entry of a protective order.

    g. Issues Relating to Timing, Sequencing, Phasing or Scheduling of Discovery: Plaintiffs' counsel will be on maternity leave from late January 2014 through the end of April 2014 or early

May 2014.  However, the dates set forth in this Discovery Plan take counsel's maternity leave into consideration.

    h.    Discovery Outside the United States: The parties do not anticipate the need for discovery outside the United States at this time, but reserve the right to raise any issues that may arise should it become apparent such discovery is needed.

    i.    Video or Sound Recording at Deposition: Plaintiffs do not anticipate that video or sound recording will be used at any deposition.  Defendant may utilize video or sound recording at any deposition.

    j.    Mid-Discovery Status Report and Conference: The parties do not foresee a need for a Mid-Discovery Status Report or Conference.

7.    <u>MOTIONS, PRETRIAL CONFERENCE AND TRIAL</u>

    a.    Pretrial Motions: January 30, 2015

    b.    Pre-Trial Conference Date: April 10, 2015

    c.    Trial Date: May 25, 2015

8.    <u>SETTLEMENT DISCUSSIONS</u>

The parties have discussed settlement, and will continue to discuss settlement.  The parties believe that a settlement conference should be scheduled after the completion of discovery.

9. <u>JURY TRIAL</u>

Plaintiffs have requested a jury trial.

10. <u>TRIAL ESTIMATE</u>

The parties estimate that trial will take 2 days.

11. <u>MAGISTRATE JUDGE</u>

The parties do not consent to proceed before a United States Magistrate Judge.

12. <u>BIFURCATION</u>

The parties do not request bifurcation or phasing of trial.

13. <u>RELATED MATTERS</u>

There are no other matters related to this case.

DATED: November 19, 2013         /s/ Amy L. Bennecoff
                                 AMY L. BENNECOFF
                                 Attorney for Plaintiffs,
                                 Peter and Carol Hill


DATED: November 19, 2013         /s/ Issa K. Moe
                                 ISSA K. MOE
                                 Attorney for Defendant,
                                 Northland Group, Inc.